

```
____ FILED        ____ RECEIVED
____ ENTERED      ____ SERVED ON
              COUNSEL/PARTIES OF RECORD

           JAN 2 8 2011

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY: _____ DEPUTY
```

1  Michael E. Malloy, NV Bar No. 617
2  Debra O. Waggoner, NV Bar No. 5808
   MAUPIN, COX & LeGOY
3  4785 Caughlin Parkway
   Reno, Nevada 89519
4  (775) 827-2000 telephone
   (775) 827-2185 facsimile
5  Attorneys for Plaintiffs

6                UNITED STATES DISTRICT COURT
7
                       DISTRICT OF NEVADA
8

9  WESTERN NEVADA SUPPLY COMPANY              Case No. 3:09-cv-00737-ECR-VPC
   PROFIT-SHARING PLAN AND TRUST, a
10 tax qualified retirement plan established for   [PROPOSED] FINAL
   eligible employees of Western Nevada           JUDGMENT BY DEFAULT
11 Supply Company, Inc., a Nevada corporation;    AGAINST DEFENDANTS
   WESTERN NEVADA SUPPLY COMPANY                  DANIEL H. SPITZER,
12 401(k) PLAN, a tax qualified retirement plan   DRASEENA FUNDS GROUP,
13 established for eligible employees of Western  CORP., ANEESARD MGMT.,
   Nevada Supply Company, Inc., a Nevada         LLC, U.S. FIRST FUND, LLC,
14 corporation; and JACK T. REVIGLIO and         THREE OAKS SENIOR
   RICHARD J. REVIGLIO, individually, and as    STRENGTH FUND, LLC, KENZIE
15 Co-Trustees of the Western Nevada Supply     FINANCIAL MANAGEMENT,
16 Company Profit-Sharing Plan and Trust,       INC., AND DN MANAGEMENT
                                                COMPANY, LLC
17                 Plaintiffs,
18      vs.

19 ANEESARD MGMT., LLC, a Nevada limited
   liability company; DRASEENA FUNDS GROUP,
20 CORP., an Illinois corporation; THREE OAKS
   SENIOR STRENGTH FUND, LLC, a Nevada
21 limited liability company; US FIRST FUND, LLC,
22 a Nevada limited liability company; KENZIE
   FINANCIAL MANAGEMENT, INC., a United
23 States Virgin Islands corporation; DN MANAGE-
   MENT COMPANY, LLC, a Nevada limited
24 liability company; DANIEL H. SPITZER;
25 ALBERT GEREBIZZA; BARRY DOWNS;
   and WALTER J. SALVADORE, JR.,
26
                   Defendants.
   _____/

                              1

This matter came on for hearing on the motion for default judgment (Dkt. #83) by Plaintiffs WESTERN NEVADA SUPPLY COMPANY PROFIT-SHARING PLAN AND TRUST, WESTERN NEVADA SUPPLY COMPANY 401(k) PLAN, JACK T. REVIGLIO, and RICHARD J. REVIGLIO (collectively, "Plaintiffs"), against DANIEL SPITZER, an individual ("SPITZER"), who is a principal in all of the six legal entity Defendants: DRASEENA FUNDS GROUP, CORP., an Illinois corporation ("Draseena"); ANEESARD MGMT., LLC, a Nevada limited liability company ("Aneesard"); USFIRST FUND, LLC, a Nevada limited liability company ("USFirst Fund"); THREE OAKS SENIOR STRENGTH FUND, LLC, a Nevada limited liability company ("TOSS Fund"); KENZIE FINANCIAL MANAGEMENT, INC., a U.S. Virgin Islands corporation ("Kenzie Financial"); DN MANAGEMENT COMPANY, LLC, a Nevada limited liability company ("DN Management") (collectively, the "Seven Defendants").

The Court convened the hearing as scheduled on Monday, January 24, 2011. Present on behalf of Plaintiffs were Michael E. Malloy and Debra O. Waggoner from the law firm of Maupin, Cox & LeGoy, counsel for Plaintiffs. Present on behalf of Defendant Barry Downs was his counsel, Adam Segal, from the law firm of Brownstein Hyatt Farber Schreck. No one appeared at the hearing for or on behalf of the Seven Defendants.

The Court, having considered the Clerk's Default entered November 4, 2010, see Dkt. #81, the memorandum and evidence submitted in support of Plaintiffs' default motion, see Dkt. #s 83, 84, and 85, as well as the evidence admitted at the hearing, see Court Record and Dkt. #s 101 and 102, and being fully advised in the premises, hereby finds:

1.  This Court has jurisdiction over the subject matter of this case, and personal jurisdiction over each of the Seven Defendants.

2. Defendants Aneesard, USFirst Fund, TOSS Fund, and DN Management were served with the summons and complaint on December 21, 2009, see Dkt. #s 6, 7, 8, and 9.

3. Defendant Draseena was served with the summons and complaint on December 29, 2009, see Dkt. #10.

4. Defendants SPITZER and Kenzie Financial both entered appearances in this action through counsel on February 10, 2010, see Dkt. #25.

5. Although the Seven Defendants were represented by counsel after they were either served or entered appearances, their counsel has since withdrawn with the permission of the Court, as of June 14, 2010. See Dkt. #s 47, 48, 51, 59, 65.

6. Following the withdrawal of their counsel, the Seven Defendants were served over the next several months with multiple notices, including but not limited to orders to show cause indicating that Defendant Spitzer's failure to respond *in pro per* or retain counsel, and failure of the other six legal entity Defendants to obtain counsel to appear on their behalf (since entities cannot represent themselves in Federal Court and must appear by counsel), could result in entries of default and subsequent default judgments against them. See Dkt. #s 59, 60, 65, 67, 69, 73, 74, 76, 77, 78, 79, 80, 83-86.

7. Notices pursuant to orders of this Court, Fed.R.Civ.P. 55, and related law were provided to the Seven Defendants. Dkt. #s 73, 76, 77. The deadline for counsel to appear for the six legal entity defendants, and for SPITZER to enter an appearance *pro se* or obtain counsel, was October 26, 2010. Dkt. #s 76, 77. Despite these numerous warnings, the Seven Defendants have not appeared in any manner in this Court since the withdrawal of their former counsel in June 2010. As a result, the Seven Defendants are in default for failure to plead or otherwise defend.

8. Plaintiffs moved for entry of a Clerk's Default against the Seven Defendants on November 2, 2010, Dkt. #s 79-80, and a Clerk's Default was entered against the Seven Defendants on November 4, 2010. Dkt. #81.

9. Plaintiffs moved for default judgments against the Seven Defendants on November 10, 2010. Dkt. #s 83-86.

10. The claims of Plaintiffs against the Seven Defendants are for sums certain or sums that can be made certain by computation. See Dkt. #s 83-86; 101.

11. The Seven Defendants are neither minors nor incompetent persons. See Dkt. #84; Dkt. #83 at p. 9, ¶5.

12. On December 22, 2010, the Court scheduled a hearing on Plaintiffs' motion for January 24, 2011. See Dkt. #s 83, 93; Fed.R.Civ.P. 55(b)(2).

13. Plaintiffs do not seek a default judgment against Defendant Barry Downs, who is represented by counsel. This action is still pending against Defendant Downs, whose stipulation with Plaintiffs that he would not be contesting or opposing Plaintiffs' motion to obtain default judgments against the Seven Defendants was approved by the Court. See Dkt. #s 88 and 101.

14. Plaintiffs do not seek a default judgment against Defendant Walter Salvadore, Jr., who filed a bankruptcy petition in another state (New Jersey) on or about June 7, 2010. See Dkt. #s 56, 58. The bankruptcy filing effectively stayed this action as to Defendant Salvadore only, as long as that bankruptcy proceeding continues or until the automatic stay is lifted. See Dkt. #s 66 and 101.

15. Default judgments may be entered against parties who have appeared in the action either personally or by a representative, so long as the parties or representatives are served with the written notice of the motion or application at least seven (7) days before the hearing. Fed.R.Civ.P.

55(b)(2).[1] The Seven Defendants were served with such written notice of the Plaintiffs' motion and application at least seven (7) days before the hearing. Dkt. #s See Dkt. #s 83-86, 93.

16. Laurie Baxter, Controller for Western Nevada Supply Co. ("WNS") testified regarding her educational and financial background, which includes a Bachelor of Science degree in business accounting from Montana State University, licensure as a Certified Public Accountant in the State of Montana following one year in the audit department at Arthur Anderson, and approximately 24 years of employment experience as a Controller for various private businesses, including publicly held corporations. Ms. Baxter is currently the Controller at WNS, and has been since November 2007, and she testified in that capacity.

17. Plaintiffs' Exhibits 1 and 2 (see also Dkt. #s 101-102), which were prepared by Ms. Baxter, were admitted at the hearing, and she testified from them in her capacity as Controller of WNS. The testimony and Exhibit 1 show the combined figures representing contributions, withdrawals and balances of 401(k) Plan funds/assets that were invested into the TOSS Fund and US First Fund from the quarter ending December 31, 2006 through the quarter ending September 30, 2010 (the sum of $3,870,009.79, less withdrawals of $897,375.92, for a net balance of $2,972,633.87). Ms. Baxter testified that the Plan assets that Western Nevada Supply Company Profit Sharing Plan and Trust invested into the TOSS Fund in August 2006 was the sum of $500,000.

18. Plaintiffs had attempted to redeem all of their funds from the Seven Defendants in or about July 2009, but no redemptions occurred at that time, or thereafter.

---

[1] See also Pipe Wrap LLC v. P3 Industrial Technologies, Inc., 2009 WL 2915921, *1, 3 (S.D. Tex. 2009)(when counsel for an entity defendant withdraws and the entity fails to obey an order to have new counsel appear on its behalf, and an individual defendant fails to obey court orders or otherwise defend after his counsel withdraws, the notice required by Rule 55(b)(2) has been given).

19. Testimony and Exhibit 2 show two separate rates of interest, a state law rate and the federal rate under 28 U.S.C. §1961.

20. As 28 U.S.C. §1961 expressly refers to post-judgment interest and not prejudgment interest, Ninth Circuit authority holds that the statute could also be used to calculate prejudgment interest in ERISA cases. See Blanton v. Anzalone, 760 F.2d 989 (9th Cir. 1985), and Blanton v. Anzalone, 813 F.2d 1574 (9th Cir. 1987). While interest rates under 28 U.S.C. §1961 are typically utilized unless there are substantial reasons for the Court to depart from those rates, appropriate reasons exist to utilize a different rate, including the "Ponzi scheme" nature of the Seven Defendants' activities as illustrated by criminal and civil proceedings in federal court in Chicago, which may have the effect of depriving WNS employees of their retirement funds, and that there are four state law claims in Plaintiffs' Complaint (breach of oral contract, equitable estoppel, accounting, and breach of the covenant of good faith and fair dealing).

21. Pursuant to Fed.R.Civ.P. 54(b), the Court finds that there is no just reason for delay of the entry of Final Judgment by Default in favor of Plaintiffs against the Seven Defendants, based on this finding, the findings set forth above, the evidence and Exhibits admitted at the hearing, and the Court record in this action.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiffs' motion for judgment by default (Dkt. # 83) is GRANTED, and Plaintiffs shall have judgment against each of the following Seven Defendants, jointly and severally:

DANIEL H. SPITZER, an individual;

DRASEENA FUNDS GROUP, CORP., an Illinois corporation;

ANEESARD MGMT., LLC, a Nevada limited liability company;

USFIRST FUND, LLC, a Nevada limited liability company;

THREE OAKS SENIOR STRENGTH FUND, LLC, a Nevada limited liability company;

KENZIE FINANCIAL MANAGEMENT, INC., a U.S. Virgin Islands corporation; and

DN MANAGEMENT COMPANY, LLC, a Nevada limited liability company.

Plaintiffs are awarded judgment against the above-named Seven Defendants with respect to losses to the 401(k) Plan assets in the amount of $2,972,633.87, plus prejudgment interest in the amount of $161,764; and Plaintiffs are awarded judgment against the above-named Seven Defendants with respect to the losses to the Profit Sharing Plan & Trust assets in the amount of $500,000, plus pre-judgment interest in the amount of $27,209.

As to the Seven Defendants, Plaintiffs submitted an itemized and supported Bill of Costs under oath on November 10, 2010, in the amount of $810.00. Dkt. #86. As further part of this Judgment, Plaintiffs are also entitled to the sum of $_____ representing costs taxed in their favor as part of this Final Judgment by Default against the Seven Defendants.

Any post-judgment interest on this Final Judgment by Default against the Seven Defendants shall accrue at the applicable rate(s) specified in 28 U.S.C. §1961.

This Final Judgment by Default involves a judgment on multiple claims involving multiple parties within the meaning of Fed.R.Civ.P. 54(b), and (1) there is no just reason for delay for the entry of this Final Judgment by Default in favor of Plaintiffs and against the Seven Defendants as specified above, and (2) Plaintiffs' Final Judgment by Default against the Seven Defendants does not resolve the Plaintiffs' claims against Defendants Barry Downs or Walter Salvadore, and neither Barry Downs nor Walter Salvadore are subject to or affected by this Judgment. See Dkt. #s 88 and 66.

Plaintiffs, as prevailing parties against the Seven Defendants in this action, are hereby awarded an enforceable Final Judgment by Default against the Seven Defendants, and Plaintiffs may use any lawful means to record, execute on, levy, attach, garnish, or collect, this Final Judgment by Default from or against the Seven Defendants in accordance with any applicable law, within or without the State of Nevada.

IT IS SO ORDERED AND JUDGMENT ~~SHALL BE~~ is ECR ISSUED ACCORDINGLY.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

DATED: January 27, 2011

Case 3:09-cv-00737-RCJ-VPC   Document 105   Filed 01/28/11   Page 9 of 9
Case 3:09-cv-00737-ECR-VPC   Document 103   Filed 01/27/11   Page 9 of 9

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5, I hereby certify that I am an employee of MAUPIN, COX & LeGOY, Attorneys at Law, and in such capacity and on the date indicated below, I caused a copy of the attached document to be served by U.S. Mail in sealed envelopes with sufficient prepaid postage thereon, to the following addresses:

Steven D. Usdin, Esq.
30 South 17th Street, 19th Floor
Philadelphia, PA 19103

Daniel H. Spitzer
32 Ketterling Ct.
North Barrington, IL 60010

Daniel H. Spitzer
6501 Redhook Plaza, #201
St. Thomas, VI 00802

Ben M. Roth, Esq.
Kamensky, Rubinstein, Hochman & Delott, LLP
7250 N. Cicero Avenue, Suite 200
Lincolnwood, IL 60712

Alling & Jillson, Ltd.
276 Kingsbury Grade, Ste. 2000
P. O. Box 3390
Stateline, NV 89449-3390

Also on the date indicated below, I caused a copy of the attached document to be served via the Court's electronic filing system on defense counsel of record for Defendant Barry Downs, whose address is as follows:

Adam P. Segal, Esq.
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

Dated this 27th day of January, 2011.

_____
Employee